UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>V.<br><br>BAYOU MANAGEMENT, LLC, SAMUEL ISRAEL, DANIEL E. MARINO, AND RICHMOND FAIRFIELD ASSOCIATES, CERTIFIED PUBLIC ACCOUNTANTS PLLC,<br><br>Defendants. | Civil Action No. 05 CIV 8374<br><br>**ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF** |



FILED SEP 29 2005 USDC WP SDNY

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: _____

Plaintiff Commodity Futures Trading Commission ("Commission") and the Defendants Bayou Management, LLC ("Bayou Management") and Samuel Israel III ("Israel") (collectively "the Defendants") have consented to the entry of this Order of Preliminary Injunction and Other Equitable Relief ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privilege under the Fifth Amendment to the United States Constitution, and without admitting or denying the allegations of the Complaint filed in this action, except as to venue and the Court's jurisdiction over the Defendants and the subject matter of this action, which jurisdiction the Defendants admit. The Court, having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the premises, finds:

1. This Court has jurisdiction over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1 (2002), and it also has jurisdiction over the Defendants.

2. Venue appropriately lies within this district.

3.  There is good cause to believe that the Defendants have engaged in, are engaging in or are about to engage in: fraud in violation of 7 U.S.C. § 6o(1) (2002); making false statements in documents required to be filed under the Act, in violation of 7 U.S.C. § 13(a)(3) (2002); submitting purported "certified" audits not performed by an independent auditor, in violation of 17 C.F.R. § 1.16 (2004); and commingling pools funds in violation of 17 C.F.R. § 4.20(c) (2004); and the Commission is likely to prevail on the merits of this action.

4.  There is a substantial likelihood that, absent an asset freeze and the appointment of a receiver, the Defendants will conceal, dissipate or otherwise divert their assets, thereby defeating the possibility of effective final relief in the form of equitable monetary relief for investors.

4.  Absent a preliminary injunction, there is a reasonable likelihood that the Defendants' violations of the Commodity Exchange Act and the Commission's Regulations will be repeated. There is no just reason for delay in entering this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1.  "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2.  The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other

2

data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3.  "Defendants" means Bayou Management, LLC ("Bayou Management") and Samuel Israel ("Israel") and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Bayou Management or Israel, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Bayou Management or Israel.

## I.

## PROHIBITED CONDUCT

**IT IS HEREBY ORDERED** that the Defendants, along with any of their agents, servants, employees or assigns and persons in concert or participation with any of them who receives actual notice of this Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, are restrained and enjoined, directly or indirectly, from:

A.  While acting as a Commodity Pool Operator, or an Associated Person of a Commodity Pool Operator, directly or indirectly employing a device, scheme, or artifice to defraud commodity pool participants, or engaging in transactions, practices or a course of business which operate as a fraud or deceit upon commodity pool participants, in violation of Section 4o(1) of the Act;

B.  Making, or causing to be made, false statements in a report or document required to be filed under CFTC Regulations 4.7(b)(3) and 4.22(c), in violation of Section 9(a)(3) of the Act;

3

C. Submitting to the National Futures Association purported "certified" annual reports that were, in fact, not prepared by an independent public accountant or independent licensed public accountant, in violation of Commission Regulation 1.16; and

D. Commingling the property of any commodity pool with the property of any other person, in violation of Commission Regulation 4.20(c);

E. Trading on or subject to the rules of any registered entity as that term is defined by Section 1(a)(29) of the Act, 7 U.S.C. § 1a(29)(2002);

F. Soliciting, receiving, or accepting any funds in connection with the purchase or sale of any commodity futures contract or option on a futures contract;

G. Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, directly or indirectly, whether by power of attorney or otherwise;

H. Applying for registration or seeking exemption from registration with the Commission in any capacity, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9)(2004), and engaging in any activity requiring such registration or exemption from registration, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or acting as a principal, agent, officer or employee of any person registered, required to be registered, or exempted from registration, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2004). This prohibition includes, but is not limited to soliciting, accepting, or receiving any funds, revenue, or other property from any person, giving advice for compensation, or soliciting prospective customers, related to the purchase or sale of any commodity futures or options on commodity futures contracts, except as provided for in regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9)(2004); and

I. Filing a petition in bankruptcy without providing the Commission with prompt notice by Certified Mail of such filing.

## II.

## ASSET FREEZE

**IT IS HEREBY ORDERED** that Defendants, except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly:

A. transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held in corporate or partnership accounts in which Defendants Bayou Management or Israel have an interest, except as provided in Paragraph IV of this Order or as otherwise ordered by the Court;

B. opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by the Defendants; and

C. Notwithstanding the provisions of this paragraph, defendants shall transfer possession of all assets of the Defendants pursuant to Paragraph V of this Order.

## III.

## DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further order of this Court, that any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since January 1998, has held, controlled, or maintained custody of any account or asset of Defendants Bayou Management or Israel, including those in the names of or for the benefit of Bayou Securities LLC, Bayou Fund LLC, Bayou No Leverage Fund LLC,

5

Bayou Offshore Fund LLC, Bayou Affiliates Fund LLC, Bayou Accredited Fund LLC and Bayou Superfund LLC, shall:

A. Prohibit Defendants Bayou Management and Israel, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court ~~or as directed by the Receiver appointed herein~~;

B. Deny Defendants Bayou Management and Israel and all other persons access to any safe deposit box that is:

   1. titled in the name of Defendants Bayou Management or Israel, either individually or jointly; or

   2. otherwise subject to access by Defendants Bayou Management or Israel. ~~Notwithstanding this paragraph, the Receiver appointed herein shall be provided with access to any safe deposit box titled in the name of, or~~ subject to access by, the Defendants.

C. Provide the ~~Receiver~~ and counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth:

   1. the identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, Defendants Bayou Management or Israel;

   2. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the

        date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3.    the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendants Bayou Management or Israel, or is otherwise subject to access by Defendants Bayou Management or Israel;

D.    Upon request by the Receiver or the Commission, promptly provide the Receiver and the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.    Cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the Defendants' assets.

## IV.

## ACCOUNTING

**IT IS FURTHER ORDERED** that within sixty (60) business days following the service of this Order, the Defendants shall:

A.    Provide the Commission and the Receiver with a full accounting of all funds and assets both within and outside of the United States which are held by the Defendants, on their behalf, or under their direct or indirect control, whether jointly or singly, or in which they have an interest, and a full accounting of all

funds and assets that the Defendants received from clients or investors and the ultimate use or current location of those funds or assets;

B. Provide the Commission and the Receiver with full access to and permit copying of all documents both within and outside of the United States that are held by the Defendants, on their behalf, or under their direct or indirect control, or relate to a corporate or partnership entity in which they have an interest;

C. Transfer to the territory of the United States all funds, documents, and assets located in foreign countries that are held by the Defendants, for their benefit, or under their direct or indirect control, whether jointly or singly;

D. Provide the Commission and the Receiver access to all records of the Defendants held by financial institutions located both within and outside the territorial United States by signing a Consent to Release of Financial Records; and

E. Provide the Commission and the Receiver with a complete customer list, including, without limitation, the names, addresses and telephone numbers of all persons who transferred funds to the Defendants from January 1, 1998 to the present.

## V.

## RECEIVER

**IT IS FURTHER ORDERED** that:

A. Frank A. Mayer III is appointed Receiver for the Defendants' and any affiliates or subsidiaries of any Defendant, with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order;

B. The Receiver is directed and authorized to accomplish the following:

1. Assume full control of the corporate Defendants by removing any officer, independent contractor, employee, or agent of a corporate defendant, from control and management of the affairs of the corporate defendant;

2. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the Defendants, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendants, including documents related to customers or clients whose interest are now held by or under the direction, possession, custody or control of the Defendants;

3. Take all steps necessary to secure the residential and business premises of the Defendants;

4. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers, clients, pool participants or investors;

5. Prevent the withdrawal or misapplication of funds entrusted to the Defendants, and otherwise protect the interests of customers, clients, pool participants or investors;

6. Manage and administer the Defendants by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

7. Collect all money owed to the Defendants;

8. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Defendants or to carry out his or her duties pursuant to this Order;

9. Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

10. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

11. Open one or more bank accounts as designated depositories for funds of the Defendants. The Receiver shall deposit all funds of the Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

12. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the Defendants.

C. Immediately upon service of this Order upon them, the Defendants and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

1. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Defendants;

2. Possession and custody of documents of the Defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3. Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on behalf of the Defendants or on behalf of the Defendants' customers, clients, pool participants or investors;

4. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendants, including but not limited to, access to the Defendants' residential and business premises, means of communication, accounts, computer systems, or other property; and

5. Information identifying the accounts, employees, properties or other assets or obligations of the Defendants.

D. The Defendants and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems

necessary to exercising the authority; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Defendants that all debts should be paid directly to the Receiver.

    E.    Except by leave of the Court, during the pendency of the receivership ordered herein, the defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    1.    Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

    2.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

    3.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants, or the Receiver, or any agent of the Receiver; and

   4.  Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

  F.  The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## VI.

### MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

**IT IS HEREBY ORDERED** that the Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any Defendant.

## VII.

## INSPECTION AND COPYING OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the Commission be immediately allowed to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, paper documents, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

## VIII.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of the Defendants or that may be subject to any provision of this Order, and, additionally, that representatives of the Commission are specially appointed by the Court to effect service. Service of the summons, Complaint or other process may be effected by U.S. Marshal or Deputy U.S. Marshal, or in accordance with Fed. R. Civ. P. 4.

## IX.

## SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Christine M. Ryall, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581.

## X.

## ASSISTANCE OF UNITED STATES MARSHAL SERVICE

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Receiver in taking control and custody of the assets, records and residential and business premises of the Defendants.

## XI.

## FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

Consented to and
approved for entry by:

ATTORNEYS FOR PLAINTIFF COMMODITY
FUTURES TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581

Dated: 9/29/05

Christine Ryall (CR 6041)
Eugene Smith (ES 2817)
(202) 418-5318 (Ryall)
(202) 418-5371 (Smith)
(202) 418-5523 (facsimile)

Defendant Samuel Israel III

Dated: 9/29/05

Samuel Israel III

Defendant Bayou Management LLC

Dated: 9/29/05

By: Samuel Israel III, Manager

15

Dated: 9/29/05

Counsel for Defendants Israel ~~and Bayou Management~~

*/s/ Lawrence S. Bader*
Lawrence S. Bader
Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C.
565 Fifth Ave.
New York, NY 10017
(212) 856-9600
FAX (212) 856-9494

**SO ORDERED**, at White Plains, New York on this 29d day of September, 2005, at 3:15 p.m.

_____
UNITED STATES DISTRICT JUDGE